AUDREY STRAUSS
Acting United States Attorney
Southern District of New York
By: Nicholas S. Bradley
Assistant United States Attorney
300 Quarropas Street
White Plains, New York 10601
Tel. (914) 993-1962

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                          :

UNITED STATES OF AMERICA,           :      VERIFIED COMPLAINT FOR
                                                  FORFEITURE

             Plaintiff,          :

                              :      20 Civ.
             v.

                              :      ECF case
$57,980  IN UNITED STATES CURRENCY,

           Defendant-*in-rem.*     :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Plaintiff United States of America, by its attorney, Audrey Strauss, Acting United States Attorney for the Southern District of New York, for its verified complaint alleges, upon information and belief, as follows:

## I.       JURISDICTION AND VENUE

1.      This is a civil action *in-rem* commenced by the United States of America seeking the forfeiture of $57,980 in United States currency (the "Defendant Currency") seized on or about May 14, 2020. The Defendant Currency is subject to forfeiture pursuant to Title 21, United States Code, Section 881(a)(6), as moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled

substance and all proceeds traceable to such an exchange, or intended to be used to facilitate any violation of Subchapter 1, Chapter 13 of Title 21 of the United States Code.

2.      The Court has jurisdiction pursuant to Title 28, United States Code, Sections 1345 and 1355.

3.      Venue is proper under Title 28, United States Code, Sections 1355(b) and 1395, because acts and omission giving rise to the forfeiture took place in the Southern District of New York and the Defendant Currency was seized in the Southern District of New York.

4.      The Defendant Currency is presently in the custody of the United States Postal Service, Southern District of New York.

## II.     PROBABLE CAUSE FOR FORFEITURE

5.      Law enforcement investigations and narcotics trafficking intelligence have demonstrated that United States Priority Mail Express and United States Priority Mail have become common methods by dealers of narcotics for the transportation of narcotics and narcotics proceeds. Parcels of controlled substances and payments in cash for such controlled substances are sent via United States Priority Mail Express and United States Priority Mail. For example, narcotics are frequently shipped from California to New York in this manner, and payments are in turn sent from New York to California. As set forth below, the Defendant Currency represents such a payment for the purchase of controlled substances.

6.      On or about May 11, 2020, at the United States Postal Service ("USPS") facility in Circleville, New York, an individual ("Individual-1") mailed a large parcel (the "Parcel") via Priority Express Mail with a handwritten return address and a handwritten recipient address. Individual-1 had previously been observed by USPS employees regularly mailing large parcels through the USPS.

7.      The Parcel was a large brown box, approximately eighteen inches long, eighteen inches wide, by eighteen inches high (18" x 18" x 18") and was heavy for a Priority Mail Express package, weighing over seventeen pounds.  The Parcel did not have a pre-printed label, which is customary with most legitimate businesses utilizing the Priority Express service. Instead, information on the label was handwritten, which based on the experience of the investigating law enforcement agents, is a known practice of narcotics traffickers.  The recipient address was to an individual in California identified as "A.Kamara," at a location in San Jose, California.  The sender's address was identified as "M.Ryan," at a location in Montgomery, New York. Individual-1 is not named M.Ryan.

8.      The Parcel bore various suspicious characteristics consistent with parcels used for narcotics trafficking.  Based on a review of commercially available databases and information obtained by law enforcement, the sender's name (which, as noted above, was not Individual-1's name) did not correspond with the sender address, and the recipient's name did not correspond with the recipient address.   Based on the experience of the investigating law enforcement agents, it is common for narcotics traffickers to use fictitious names and addresses when mailing parcels containing contraband in order to avoid detection by law enforcement. It is also common for only first initials and last names to be used by narcotics traffickers.  The signature requirement for the receipt of the Parcel was waived, allowing the Parcel to be delivered without the addressee's signature or the signature of an agent of the addressee.  Based on the experience of the investigating law enforcement agents, this is a common practice for narcotics traffickers in order to make it difficult for law enforcement to identify the addressee. Additionally, the zip code of the location where the Parcel was mailed from was different from the zip code listed on the return address portion of the Parcel's Priority Mail Express label, another practice common among

drug traffickers to avoid detection by law enforcement. The Parcel was mailed from the Post Office to an address located in California, a state that is a known source of narcotics, and thus, a known destination point for narcotics payments or proceeds.

9.      A USPS employee alerted Investigators of the United States Postal Inspection Service ("USPIS") to the Parcel, and they secured the Parcel from the mail stream at the USPS facility in Circleville, New York.

10.      On or about May 13, 2020, USPIS Inspectors met with a Port Authority Police Officer (the "PA Officer"), who was a certified narcotics detection canine handler. The PA Officer exposed the Parcel to his trained canine "Ares" for exterior inspection and review. Ares gave a positive alert for the presence of the odor of controlled substances from the Parcel.[1]

11.      Based in part on the foregoing information, on or about May 14, 2020, the Honorable Paul E. Davison, United States Magistrate Judge for the Southern District of New York, issued a search warrant for the Parcel based on probable cause to believe that it contained evidence, fruits and instrumentalities of conspiracy to distribute and possess with intent to distribute controlled substances, in violation of Title 21, United States Code, Section 841 and 846.

---

[1] Ares' handler advised that Ares is a German Shepherd, who was certified as a narcotics detection canine after completing certification with the Port Authority Police Academy in February 2019. Ares was certified to detect the odors of marijuana, cocaine, heroin, ecstasy, methamphetamines and their derivatives. Since that time, Ares has received numerous hours of training, and is utilized regularly for the purpose of detecting narcotic odors. Ares has been involved in multiple search warrants and has made numerous positive identifications. During Ares' training and in order to be certified, he is subjected to numerous objects, both containing and not containing narcotics. He is trained to differentiate and to give a positive indication if he detects the odors of narcotics. Ares was last certified in February of 2019. He is routinely used to conduct searches of automobiles, packages, residences and suitcases. Ares alerts after detecting the scent of narcotics. Ares will positively alert his handler to the presence of the odor of marijuana, cocaine, heroin, ecstasy, methamphetamines and their derivatives. He has successfully given positive indications of narcotics in the field in the past and has generally proven reliable in the field.

12.     On or about May 14, 2020, USPIS Investigators executed the search warrant and the inspection of the Parcel revealed the following:

a.     Upon opening the Parcel, investigators first observed green bubble wrap, which covered a Black and Decker toaster oven box, as well as a shoe box bearing the brand name "VANS" and a USPS Priority Mail Express envelope.

b.     Inside the toaster oven box was a toaster oven, in the manufacturer's Styrofoam and clear plastic packing material. Upon removing the toaster oven from the box and its packaging, investigators found aluminum sheet block material wrapped around seven stacks of United States currency, which were secured by rubber bands and wrapped in heat sealed clear plastic wrap.

c.     Inside the USPS Priority Mail Express envelope was also aluminum sheet block material wrapped around four stacks of United States currency, which were also secured by rubber bands and wrapped in heat sealed clear plastic wrap.

d.     This packaging is consistent with common methods used by narcotics traffickers to try to conceal the currency, and to mask or prevent odors from escaping.

e.     The VANS shoe box was empty.

13.     The amount of currency found secreted inside the toaster oven and inside the Priority Express Mail envelope together totaled $57,980.00, the Defendant Currency.

14.     There were no notes, receipts or messages inside the Parcel. Individuals who traffic in narcotics rarely include any type of instruction with their proceeds, unlike legitimate businesses or gifts, whose note, letter, card, receipt or coupon is typically included with cash or monetary instruments.

### III.    CLAIM FOR FORFEITURE

15.    Incorporated herein are the allegations contained in paragraphs one through fourteen of this Complaint.

16.    Pursuant to Title 21, United States Code, Section 881(a)(6), all moneys furnished or intended to be furnished in exchange for a controlled substance, all proceeds traceable to such an exchange, and all moneys used or intended to be used to facilitate such an exchange, in violation of Subchapter I of Title 21 of the United States Code, are subject to seizure and forfeiture to the United States, and no property right exists in such proceeds.

17.    The Defendant Currency is therefore subject to forfeiture pursuant to Title 21, United States Code, Section 881(a)(6) because it constitutes moneys intended to be furnished in exchange for a controlled substance, and/or proceeds traceable to such an exchange, and/or moneys used or intended to be used to facilitate such an exchange, in violation of Subchapter I of Title 21 of the United States Code.

[Continued on next page.]

WHEREFORE, plaintiff United States of America prays that process issue to enforce the forfeiture of the Defendant Currency and that all persons having an interest in the Defendant Currency be cited to appear and show cause why the forfeiture should not be decreed, and that this Court decree forfeiture of the Defendant Currency to the United States of America for disposition according to law, and that this Court grant plaintiff such further relief as this Court may deem just and proper, together with the costs and disbursements of this action.

Dated: New York, New York
        November 10, 2020

AUDREY STRAUSS
Acting United States Attorney for the
Southern District of New York

Attorney for the Plaintiff
United States of America

By: _____
    Nicholas S. Bradley
    Assistant United States Attorney
    300 Quarropas Street
    White Plains, New York 10601
    Tel No. (914) 993-1962

## DECLARATION OF VERIFICATION

ANTHONY J. CURTIN, pursuant to Title 28, United States Code, Section 1746, hereby declares under penalty of perjury that he is a Detective with the New York City Police Department and a Task Force Officer with the Federal Bureau of Investigation; that he has read the foregoing Verified Complaint and knows the contents thereof; that the same is true to the best of his knowledge, information and belief; and that the sources of his information and the grounds of his belief are his personal involvement in the investigation, and conversations with and documents prepared by law enforcement officers and others.

Executed on November 10, 2020

ANTHONY J. CURTIN
Task Force Officer
Federal Bureau of Investigation